**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| STOCKADE FRANCHISING, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:18-cv-00918 |
| KELLY RESTAURANT GROUP, LLC, et al | § | |
| | § | |
| Defendants. | § | |
| | § | |

**COMPLAINT TO CONFIRM ARBITRATION AWARD**

Pursuant to 9 U.S.C. § 9, Plaintiff, Stockade Franchising, LP, brings this Complaint to confirm an arbitration award against Defendants Kelly Restaurant Group, LLC, Kelly Investment Group, LLC, Michael Kelly and Gale Premer.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Stockade Franchising, LP is a Nevada limited partnership. Its members are Stockade Companies, LLC and Stockade Franchising Management LLC, both of which are a Nevada limited liability companies. Both Stockade Companies, LLC and Stockade Franchising Management LLC have the same two individual members – Tommy Ford and Doug Frieling, who reside in Texas.

2. Kelly Restaurant Group, LLC ("KRG") is a limited liability company with its principal place of business in San Diego, California. On information and belief, its sole member is Defendant Kelly Investment Group, LLC.

3. Defendant Kelly Investment Group, LLC is a limited liability company with its principal place of business in San Diego, California. On information and belief, its sole member is Defendant Michael Kelly, an individual residing in California.

4. Defendant Michael Kelly ("Kelly") is an individual residing in California.

5. Defendant Gale Premer ("Premer") is an individual residing in Kansas.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000, and is between citizens of different states.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; and pursuant to 9 U.S.C. § 9, because this is the district in which the arbitration award was made.

## FACTUAL BACKGROUND

1. On June 4, 2014, Stockade, as franchisor, and KRG, as franchisee, entered into 15 Franchise Agreements for certain restaurant concepts owned by Stockade ("Franchise Agreements"). All of the Agreements are substantively similar in all pertinent respects. A representative example is attached as **Exhibit A.**

2. In connection with the Franchise Agreements, KIG, Kelly, and Premer executed Guaranties guaranteeing certain obligations of KRG. Representative examples of the Guaranties are included in **Exhibit A.**

3. On May 20, 2017, pursuant to the arbitration clause in paragraph 21 of the Franchise Agreements, Stockade filed a Demand for Arbitration with the American Arbitration Association against KRG, KIG, Kelly, and Premer, for breaches of the Agreement and Guaranties and related claims.

4. After extensive discovery by both parties, a hearing was held in Austin, Texas from May 29 through July 1, 2018, before Arbitrator John Fleming. All parties fully participated in the hearings and were represented by counsel.

5. On July 5, 2018, Arbitrator Fleming issued an Interim Award in favor of Stockade, a copy of which is attached as **Exhibit B**.

6. On October 1, 2018, Arbitrator Fleming issued a Final Award in favor of Stockade, a copy of which is attached as **Exhibit C**. The Final Award provided the following relief to Stockade (referred to as "Franchising" in the Award):

> Franchising is Awarded and KRG shall pay to Franchising the sum of $1,110,392.77 (the Total Damages consisting of $484,456.00 in past due royalties; $175,212.88 interest on the past due royalties as of September 30, 2018; $137,812.83 for Langham Act Damages, and $312,911.06 in attorney fees). Interest accrues at the rate of 1.5% per month on the past due royalties from and after September 30, 2018 until paid. Interest accrues on the Lanham Act Damages, attorney fees and costs and expenses at the statutory judgment rate of 5% per annum from and after the date of this Final Award until paid.
>
> Under its Guaranty, KIG is jointly and severally liable with KRG, Kelly, and shall pay to Franchising all of the Total Damages including pre-award and post-award interest and attorney fees but excluding the Lanham Act Damages of $137,812.83 and the interest related to the Lanham Act Damages.
>
> Kelly is jointly and severally liable with KRG and obligated to pay Franchising for the Lanham Act Damages and post-award interest thereon. The liability of Kelly for such damages is not limited by his Guaranty, and Franchising may pursue collection against both without regard to the Guaranty. Kelly is also jointly and severally liable with KRG and KIG and Premer for all other amounts awarded, but excepting the Lanham Act Damages and post-award interest thereon, Kelly's liability is limited to $1,000,000.00.
>
> Under his Guaranty, Premer is jointly and severally liable with KRG, KIG, and Kelly and is obligated to pay Franchising $500,000.00 of the Total Damages attributable to past due royalties, interest and attorney fees.
>
> In collecting the amounts awarded hereunder other than Lanham Act Damages, Franchising is required to follow the Guaranty Agreements. That is it must first use commercially reasonable efforts to collect the amounts awarded from KRG and KIG before pursuing collection from Kelly under his Guaranty or from Premer under his Guaranty. Franchising must use commercially reasonable efforts to collect the amounts

awarded from KRG, KIG, and Kelly before attempts to collect from Premer under his Guaranty.

In addition to the amounts awarded above, the administrative fee and expenses of the American Arbitration Association totaling $30,870.00 and the compensation and expenses of the arbitrator totaling $11,970.00 shall be borne jointly and severally by Respondents. Therefore, Kelly Restaurant Group, LLC (KRG), Kelly Investment Group LLC (KIG), Michael Kelly (Kelly) and Gale Premer shall reimburse Franchising the amount of $20,160 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimants with Kelly Respondents being responsible for $15,120 of such amount and Premer being responsible for $5,040 of such amount.

This Award is intended to resolve all of the claims, counterclaims, and issues presented in this arbitration. All claims for relief sought by any of the parties that are not expressly awarded are hereby denied.

## APPLICATION FOR CONFIRMATION OF AWARD

7. Pursuant to 9 U.S.C. § 9, the Court must enter judgment on an arbitration award unless the award is vacated, modified, or corrected.

8. The Final Award has not been vacated, modified, or corrected, and no basis exists for vacating, modifying, or correcting the Final Award.

9. Stockade is entitled to and requests an Order and Judgment Entry confirming the Final Award and incorporating the relief described in the Final Award.

10. Stockade is also entitled to its attorneys' fees in connection with this application, pursuant to Section 19.11 of the Agreements.

WHEREFORE, Stockade respectfully requests that the Court enter a judgment in its favor and against Defendants, as follows:

A. Enter judgment confirming the Final Award.

B. Enter judgment providing relief in favor Stockade and against Defendants as described in the Final Award.

C. Attorneys' fees, costs, and expenses in seeking enforcement of the Award, as provided by Section 19.11 in the Franchise Agreements; and,

D. Such other and further relief the Court deems just and proper.

Dated: October 24, 2018

Respectfully submitted,

*/s/ Matt Dow*
Matt Dow
Texas Bar No. 06066500
JACKSON WALKER LLP
100 Congress Ave.
Suite 1100
Austin, Texas 78701
Telephone: 512-236-2230
Facsimile: 512-392-2113
Email: mdow@jw.com

*Counsel for Plaintiff*