# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STOCKADE FRANCHISING, LP, § | |
| *Plaintiff* § | |
| § | |
| § | |
| v. § | Case No. 1:18-CV-918-RP |
| § | |
| KELLY RESTAURANT GROUP, § | |
| LLC, KELLY INVESTMENT § | |
| GROUP, LLC, MICHAEL KELLY, § | |
| AND GALE PREMER, § | |
| *Defendants* § | |

## AMENDED[1] REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before this Court are Stockade's Opposed Motion for Award of Attorneys' Fees and Supporting Memorandum, filed June 6, 2019 (Dkt. No. 22); Defendant Gal Premer's Opposition to Plaintiff's Motion for Attorneys' Fees, filed June 20, 2019 (Dkt. No. 24); Kelly Defendants' Opposition to Plaintiff's Motion for Award of Attorneys' Fees, filed June 20, 2019 (Dkt. No. 25); and Stockade's Reply, filed June 27, 2019 (Dkt. No. 26).

On October 16, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

---

[1] The undersigned inadvertently addressed the previous Report and Recommendation to the Honorable Lee Yeakel, instead of the Honorable Robert Pitman.

# I. GENERAL BACKGROUND

On June 4, 2014, Stockade Franchising, LP ("Stockade"), as franchisor, and Kelly Restaurant Group, LLC ("KRG"), as franchisee, entered into fifteen franchise agreements for certain restaurant concepts owned by Stockade. Dkt. No. 1-1 ("Franchise Agreements"). In connection with the Franchise Agreements, Kelly Investment Group, LLC ("KIG"), Michael Kelly ("Kelly"), and Gale Premer ("Premer") executed Guaranties guaranteeing certain obligations of KRG. On February 10, 2017, Stockade terminated the Franchising Agreements with KRG for failure to pay $484,456.00 due under the agreements.

All of the Franchising Agreements contained a mandatory arbitration clause requiring the Parties to arbitrate all disputes arising out of the Agreements. Dkt. 1-1 at § 21.01 ("Arbitration Clause"). On May 20, 2017, pursuant to the Arbitration Clause, Stockade filed a Demand for Arbitration with the American Arbitration Association against KRG, KIG, Kelly, and Premer ("Defendants") for breaches of the Franchising Agreements and Guaranties and related claims. Defendants filed counterclaims for breach of contract, defamation, and tortious interference.

On July 5, 2018, the Arbitrator issued his Interim Partial Award finding that Defendants breached the Franchising Agreements and awarded Stockade $484,456.00 for unpaid royalties and fees due under the franchise, and $137,812.63 for damages under the Lanham Act and Texas Trademark Act. Dkt. No. 1-2 at p. 1. The Arbitrator denied Stockade's claim for future lost profits and Defendants' counterclaims. *Id.* at p. 1-2. The Arbitrator noted that "the issue of attorney fees and allocation of the expenses of this arbitration have been bifurcated and will be taken up in a separate hearing and included in the Final Award." *Id.* at p. 2.

On October 1, 2018, the Arbitrator issued his Final Award awarding Stockade the amounts identified in the Interim Partial Award as well as $312,911.36 of the $549,261.57 requested by Stockade in attorneys' fees and expenses. Dkt. No. 1-3. . The Arbitrator stated that "[t]his Award

is intended to resolve all of the claims, counterclaims, and issues presented in this arbitration. All claims for relief sought by any of the parties that are not expressly awarded are hereby denied." *Id.* at p. 4.

On October 24, 2018, Stockade Franchising, LP ("Stockade") filed this lawsuit, pursuant to 9 U.S.C. § 9, to confirm the Arbitrator's Final Award against Defendants. On May 9, 2019, the District Court entered a Final Judgment in this case stating the following:

> Stockade is entitled to judgment confirming the October 1, 2018 final arbitration award entered in American Arbitration Association Case No. 01-17-0003-1350 ("Final Award"), and attached to this Final Judgment as Exhibit A.
>
> ***
>
> Stockade is entitled to judgment against Defendants Kelly Restaurant Group, LLC; Kelly Investment Group, LLC; Michael Kelly; and Gale Premer on the terms set forth in the Final Award. The terms of the Final Award are incorporated into this Final Judgment.

Dkt. No. 20 at p. 1.

On June 6, 2019, Stockade filed the instant Motion for Attorneys' Fees requesting $38,820.61 in attorneys' fees and costs it has incurred in seeking confirmation of the arbitration award in this case. The Court determines whether Stockade is entitled to such fees and costs.

## II. ANALYSIS

Stockade argues that it entitled to attorneys' fees and costs incurred in connection with this confirmation action based on the attorneys' fees provision in the Franchising Agreements.[2] Defendants oppose the request and argue that the Court does not have the authority to award additional attorneys' fees and costs because the Arbitrator already issued a Final Award awarding such fees to Stockade.

---

[2] Stockade does not argue in this motion that it is entitled to attorneys' fees on any other basis.

3

All Parties agree that Texas law applies to an award of attorneys' fees in this case. "Texas adheres to the American Rule for the award of attorney's fees, under which attorney's fees are recoverable in a suit only if permitted by statute or by contract." *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011). Stockade argues that it is entitled to attorneys' fees and costs incurred in enforcing the arbitration award based on § 19.11 of the Franchising Agreements, which provides:

> Notwithstanding anything in this Agreement to the contrary, if either party institutes a legal proceeding, including court proceeding or arbitration, and prevails entirely or in part in any action at law or in equity against the other party *based entirely or in part on the terms of this Agreement*, the prevailing party shall be entitled to recover from the losing party, in addition to any judgment, reasonable attorney's fees, court or arbitrators costs and all of the prevailing party's expenses in connection with any action at law.

Dkt. No. 1-1 at § 19.11 (emphasis added). Stockade argues that it is the prevailing party in this case because the District Court entered Final Judgment in its favor and confirmed the arbitration award. Stockade argues that it is thus entitled to attorneys' fees and costs incurred to enforce the arbitration award under this provision.

The District Court's Final Judgment did not include an award of attorneys' fees Stockade incurred in enforcing the arbitration award. Dkt. No. 20. In addition, § 19.11 only authorizes attorneys' fees for any legal proceeding "based entirely or in part on the terms" of the Franchising Agreements. *Id.* Stockade is not seeking attorneys' fees based on the terms of the Franchise Agreements, but rather requests fees for enforcing the arbitration award. By its plain terms, § 19.11 does not expressly authorize the court to award attorneys' fees for enforcing an arbitration award. *See DiAthegen, LLC v. Phyton Biotech, Inc.*, 2015 WL 5037645, at *7 (Tex. App.–San Antonio Aug. 26, 2015, pet. denied) (denying an award of attorneys' fees in post-confirmation proceeding where the contract "does not expressly authorize the trial court to make an award of attorney's fees

4

in a post-award confirmation proceeding"); *see also Gordon v. Nickerson*, 2017 WL 1549150, at *4 (Tex. App.–Austin Apr. 27, 2017, no pet.) (holding that trial court's award of attorneys' fees incurred in confirming the arbitration award was in error where arbitrator had awarded attorneys' fees, and "trial court's award of attorney fees here was not predicated on a contract claim, but on the [movant's] efforts to confirm the arbitration awards").

In addition, § 19.11 must be read in conjunction with the Arbitration Clause, which provides:

> The parties agree that any and all controversies, claims and disputes . . . arising out of or related to this Agreement . . . shall be finally resolved by submitting such matter to the American Arbitration Association ('AAA") in either Denver, Colorado or Austin, Texas, in Franchisor's sole discretion, for binding arbitration under the AAA's Commercial Arbitration Rules.
>
> ***
>
> During the arbitration process, each party shall bear all of its own costs and attorney's fees and one-half of the arbitrator's expenses. The decision of the arbitrator shall be final and binding and shall include attorney's fees, all arbitration expenses, and other costs in accordance with Section 19.11.

*Id.* at § 21.01.

As noted, the Arbitrator awarded Stockade $312,911.36 in attorneys' fees and expenses in the Final Award in this case, reasoning as follows:

> Attorney fees are recoverable under the provisions of the Franchise Agreements and under law for breach of contract. Since attorney fees are sums that can be awarded under the Franchise Agreements, they are also part of the obligations of Respondents respective Guaranty Agreements.
>
> Claimants may not recover attorney fees for any additional amounts related to the second injunction proceeding in federal court because the injunction hearing was dismissed without prejudice and Claimants did not pursue injunctive relief in this arbitration.

5

Dkt. No. 1-3 at p. 3. The Arbitrator further declared that "[t]his Award is intended to resolve all of the claims, counterclaims, and issues presented in this arbitration. All claims for relief sought by any of the parties that are not expressly awarded are hereby denied." *Id.* at p. 4.

"Under well-established case law, if an arbitration award includes an award of attorney fees, a trial court may not award additional attorney fees for enforcing or appealing the confirmation of the award unless the arbitration agreement provides otherwise." *Gordon*, 2017 WL 1549150, at *3. Thus, in *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422 (Tex. App.–Dallas 2004, pet. denied), the arbitrator awarded the plaintiffs $55,000 in attorneys' fees, and the trial court awarded the plaintiffs additional attorneys' fees for enforcing the award. The court of appeals reversed, finding that because the arbitration award included an award of attorneys' fees and the contract did not provide for attorneys' fees for enforcing the arbitration agreement, the trial court was prohibited from awarding additional attorney fees for enforcing or appealing the confirmation of the award. *Id.* at 436; *see also Int'l Bank of Commerce–Brownsville v. Int'l Energy Dev. Corp.*, 981 S.W.2d 38, 55 (Tex. App.–Corpus Christi 1998, pet. denied) ("Attorneys' fees incurred in the enforcement of an arbitration award cannot be recovered").[3] Consistent with these cases, in *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578 (5th Cir. 1986), the Fifth Circuit reasoned as follows:

> If, as is often the case, the arbitration agreement had provided that "any dispute arising from the contract" would be submitted to arbitration, a strong case could be made that any award of attorney's fees, interest, and costs was necessarily submitted to the arbitrators and a district court that made such an award would be impermissibly

---

[3] In support of its argument that § 19.11 permits the recovery of attorneys' fees incurred for enforcing an arbitration award, Stockade cites *HCC Aviation Ins. Grp. v. Employers Reinsurance Corp.*, 2008 WL 850419 (N.D. Tex. Mar. 21, 2008), in which the court granted the movant's request for attorneys' fees incurred in a confirmation proceeding. However, Stockade's reliance on *HCC Aviation* is misplaced because the contract at issue in that case expressly provided that "the attorney's fees of the party so applying and court costs will be paid by the party against whom confirmation is sought." *Id.* at * 3. There is no similar provision in the Franchise Agreements in this case. Stockade also cites *Harter v. Iowa Grain Co.*, 220 F.3d 544, 557 (7th Cir. 2000), and *SCIE LLC v. XL Reinsurance Am., Inc.*, 397 F. App'x 348, 351 (9th Cir. 2010). However, neither of these cases applied Texas law, as this Court must in this case.

6

> modifying the arbitrators' decision. In such circumstances where the parties made an agreement intended to avoid court litigation by resolving the entire dispute through arbitration, intervention by the court to award additional relief would be inconsistent with the language and policy of the Federal Arbitration Act.

*Id.* at 581.

Based on the foregoing, Stockade has failed to demonstrate that it is entitled to attorneys' fees incurred in seeking confirmation of the arbitration award under the Franchise Agreements in this case. Accordingly, Stockade's Motion for Attorneys' Fees should be denied.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Stockade's Opposed Motion for Award of Attorneys' Fees (Dkt. No. 22). **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 30, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE